### LEWIS v. SHAW et al.

#### (Circuit Court, D. Washington, W. D. July 17, 1893.)

PUBLIC LANDS—CANCELLATION OF ENTRY—RIGHTS OF BONA FIDE PURCHASERS.
Where an entry on public land is allowed at the land office, and payment for the land is received, the entry is prima facie valid; and proceedings by the commissioner of the general land office and the secretary of the interior to cancel the entry for misrepresentations of the entryman, without notice to a bona fide purchaser from the entryman, are void.

In Equity. Bill by Charles Lewis, alleging equitable ownership of 128 acres of land, situated in Pierce county, state of Washington, for a decree establishing his title to said land, and to have the

defendant John C. Shaw, to whom a patent has been issued by the United States, declared a trustee of said title. Demurrer to bill overruled.

John Paul Judson, for complainant.
Crowley & Sullivan, for defendants.

HANFORD, District Judge. The land which is the subject of controversy in this suit was entered in due form and paid for by one Charles C. Miller on the 16th day of March, 1883, under the provisions of the act of congress approved June 3, 1878, providing for the sale of timber lands in the states of California, Nevada, and Oregon and Washington Territory, (Supp. Rev. St. [2d Ed.] 167.) At the time of said entry Miller was an employe of one George H. Ryan, and obtained from him the money used in purchasing said land from the government. For the purpose of securing the repayment of the money so advanced, on the 22d day of March, 1883, Miller gave to Ryan a bond obligating himself to convey one-half of the tract; and on August 31, 1883, gave to Ryan a deed for one-half of said tract for the consideration of $325. On September 5, 1883, Ryan conveyed the entire tract by warranty deed to Benjamin McCready, for the price of $9,000. McCready, on the 2d day of January, 1884, by warranty deed conveyed the tract to the complainant, who is a citizen and resident of the state of Iowa, for the price of $9,000, and to confirm his title, Miller, on the 18th of July, 1885, for a nominal consideration, gave to the complainant a warranty deed for the entire tract. On the 3d of March, 1885, the commissioner of the general land office, upon a report made by a special agent of the interior department, representing said land to be agricultural land, and therefore not subject to sale as timber land, and that said entry was made for the benefit of Ryan, notified Miller that his entry was held for cancellation. A hearing was thereupon had before the register and receiver, and such proceedings followed that upon an appeal to the secretary of the interior the land was adjudged to be timber land, subject to sale under said act, but that the entry was made for the benefit of Ryan, and on that ground it was canceled. No notice of these proceedings was given to the complainant, although the fact of his purchase of the land and his post-office address were known to the special agent who made the report, and to all the officers of the land department who had occasion to review the evidence in the case, and the complainant had no information in regard to said proceedings prior to the year 1889. In February, 1890, he petitioned the commissioner of the general land office to reopen the case, that he might be heard in defense of his rights, which petition was denied. The bill of complaint avers that the land is in fact timber land, subject to sale under said act of congress; that Miller's entry was in all respects regular and bona fide, and that he did not, prior to said entry, make any agreement whereby the title he should acquire would inure to the benefit of Ryan, or any other person; and that the complainant

is a bona fide purchaser of said land for its full value, without notice of any facts whereby the validity of said entry might be impeached. On July 25, 1892, a patent for said tract was issued to the defendant John C. Shaw, and by virtue of said patent said Shaw and his codefendants now claim the whole of said land. The prayer of the bill is that by the decree of this court the complainant be declared the equitable owner of said land, and that the defendant, to whom the patent was issued, holds the legal title as a trustee for the benefit of the complainant, and that said title be conveyed to him.

The power of the commissioner of the general land office to cancel an entry of public land for sufficient cause cannot be denied, but his power is limited, and not to be exercised in an arbitrary manner, so as to divest the property rights of individuals lawfully acquired. Stimson v. Clark, 45 Fed. Rep. 760. The facts set forth in the complainant's bill show that the officers of the government, in canceling Miller's entry, assumed that false representations were made by Miller, to the effect that the entry was made for his own use and benefit, whereas in fact he was but an instrument of Ryan, who sought to acquire the land by an entry in Miller's name. Such false representations, if made, would be sufficient cause for the absolute forfeiture of the entryman's interest in the land, and of the money paid therefor; and any conveyance of the land, except to a bona fide purchaser, would be void. Supp. Rev. St. (2d Ed.) p. 168. It is established by the decisions of the supreme court that in the administration of the public land laws the land department is vested with the power of a special tribunal to determine finally questions of fact upon which the rights of persons who have made investments in the purchase of public lands must depend. It is also established by the decisions that by a valid entry of public lands rights thereto become vested, and the land becomes subject to all the incidents of private ownership, including taxation, and the owner may transfer it before the legal title passes from the government by the issuance of a patent. Carroll v. Safford, 3 How. 450; Witherspoon v. Duncan, 4 Wall. 210; U. S. v. Budd, 144 U. S. 154, 12 Sup. Ct. Rep. 575. Under this rule the complainant, by his purchase of the land in question after the completion of Miller's entry thereof, acquired such an interest that he was entitled to notice of any attack upon the validity of said entry, and an opportunity to appear in any proceedings before the tribunal authorized to determine questions raised by such an attack. In this country property rights of an individual cannot be lawfully divested without granting him a hearing. Windsor v. McVeigh, 93 U. S. 274. After Miller and Ryan had parted with their interest in the land they were not authorized to defend the entry, so as to bind their vendee by any determination in a proceeding of which he received no notice. I conclude, therefore, that the commissioner of the general land office and the secretary of the interior, in assuming to cancel the entry, acted without jurisdiction, and their proceedings are void. The entry having been allowed in the land office, and payment for the land received, it is to be regarded as prima facie valid.

There is nothing in the averments or recitals of the bill to impeach the validity thereof, and, for aught that now appears to the contrary, the complainant is entitled to the relief prayed for. Demurrer overruled.